GEORGE C. GENET, Appellant, *v.* THE CITY OF BROOKLYN, Respondent.

*Court of Appeals, April* 16, 1889.

Affirming 41 Hun, 643, mem.

*Appeal. Finding of fact.*—Where the case does not state that it contains all the evidence given upon the trial, the appellate court must assume that there was sufficient evidence given to sustain the findings of fact, even though it was of the opinion that the case does not set forth sufficient evidence for this purpose.

Appeal from a judgment of the general term of the supreme court, affirming a judgment in favor of the defendants.

*George G. Genet,* attorney in person for appellant.

*Almet F. Jenks,* attorney for respondent.

POTTER, J.—It is not deemed important in the disposition of this, the third appeal to this court, to discuss or to decide the questions sought to be raised by the appellant. We think those questions have been already decided upon the two former appeals. 95 N. Y. 674; 99 Id. 296.

Those questions are the constitutionality of the acts by virtue of which the plaintiff's or his grantor's lands were taken by the respondent; its liability to make compensation to the plaintiff therefor and the mode of making such compensation by deducting from the award of damages for each lot or parcel of land taken for the improvement, the benefit to the part of the lot or parcel remaining.

It is only deemed necessary or proper in disposing of the present appeal to be reasonably certain that the trial court conformed to the principles of such former decisions in rendering the judgment sought to be reviewed. The trial court found as a fact that the commissioners made their report of assessments in tabular form, showing, among other things, the amount assessed upon each piece of land on the different interests therein, and the balance of awards to be received by the plaintiff over his assessment.

This finding is in line with the principle laid down in the former appeal, and as the case does not state that it contains all the evidence given upon the trial, we must assume that there was sufficient evidence to sustain the finding, even if we were of the opinion that the case does not set forth sufficient.

We do not mean to intimate that the case does not contain sufficient evidence to support such finding. The tabular statement is not perhaps as clear upon its face as it should have been, and tends somewhat to confusion, but it fails to satisfy us that it is not in substantial compliance with the statute under which the assessments for benefits were made.

I think that the conclusion is warranted that lots 1660 and 1666 a, in blocks 636 and 678, were at the time of the award of damages one parcel of real estate, and that the award of $1,421 was for the entire parcel.

If this is so, the assessments subsequently made upon the separate parcel, thereof, were properly deducted from the amount of the award.

The same is true in reference to lots 1671 and 1677 a, in blocks 679 and 680.

The judgment should be affirmed, with costs.

All concur; BROWN, J., in result.